NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1204

BAYSTATE TECHNOLOGIES, INC.,

          Plaintiff,

v.

HAROLD L. BOWERS (doing business as HLB Technology),

          Defendant.

---

PROFESSOR GEORGE W. KUNEY,

          Movant-Appellant,

v.

ROBERT W. BEAN and KAREN L. BEAN,

          Interested Parties.

George W. Kuney, of Knoxville, Tennessee, pro se.

Appealed from: United States District Court for the District of Massachusetts

Judge Nathaniel M. Gorton

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1204

BAYSTATE TECHNOLOGIES, INC.,

Plaintiff,

v.

HAROLD L. BOWERS (doing business as HLB Technology),

Defendant.

----------------------------------------------------------------------

PROFESSOR GEORGE W. KUNEY,

Movant-Appellant,

v.

ROBERT W. BEAN and KAREN L. BEAN,

Interested Parties.

Appeal from the United States District for the District of Massachusetts in case no. 91-CV-40079, Judge Nathaniel M. Gorton.

DECIDED: July 10, 2008

Before LOURIE, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Professor George W. Kuney appeals the order of the United States District Court for the District of Massachusetts, denying his motion to intervene and his motion to

modify the Stipulated Protective Order. Bay State Techs., Inc. v. Bowers, No. 91-CV-40079 (D. Mass. Sept. 14, 2007). We vacate and remand.

## BACKGROUND

Baystate Technologies, Inc. ("Baystate") filed a declaratory judgment action in the District Court for the District of Massachusetts, seeking a declaration that it did not infringe Harold L. Bowers's software patent. Mr. Bowers counterclaimed for patent infringement, copyright infringement, and breach of contract. Following trial, the jury returned a verdict, and the court granted judgment, for Mr. Bowers on his patent infringement, copyright infringement, and breach of contract claims. Bay State Techs., Inc. v. Bowers, No. 91-CV-40079 (D. Mass. Sep. 14, 2000). This court affirmed-in-part and reversed-in-part. Bowers v. Baystate Techs., Inc., 320 F.3d 1317 (Fed. Cir. 2003). Before Mr. Bowers could execute on his judgment, Baystate filed for bankruptcy. In re CK Liquidation, No. 03-44096 (Bankr. D. Mass. Aug. 22, 2003). Thereafter, Robert and Karen Bean, as judgment debtors, were added as interested parties in the case. The case was ultimately dismissed on May 4, 2006.

Professor Kuney is a law professor who is writing a detailed account of the proceedings in this case given its significance to the software industry. He seeks access to trial exhibits and other documents. Early in the litigation, however, the court entered a Stipulated Protective Order, at the request of the parties, which restricts access to those documents. On February 21, 2007, Professor Kuney filed a motion to intervene and motion to modify the Stipulated Protective Order. Mr. Bowers filed a declaration in support of Professor Kuney's motions. Mr. Bean alone opposed Professor Kuney's motion to modify the protective order. Thereafter, Professor Kuney

2008-1204 2

and Mr. Bean agreed on a suitable modification to the protective order, and Professor Kuney submitted a modified Stipulated Protective Order to the court. On August 21, 2007, Professor Kuney filed a motion requesting that the court grant his motion to intervene and his motion to modify the Stipulated Protective Order.

On September 14, 2007, the court issued an electronic order, denying Professor Kuney's August 21, 2007, motion and finding his February 21, 2007, motion to thus be moot. The court advised that "if defendant, Robert Bean, moves to modify the stipulated protective order, consistent with the provisions of the proposed stipulated order . . ., serves his motion on all other parties and that motion is unopposed 14 days after service, it will be allowed." Bay State Techs., Inc. v. Bowers, No. 91-CV-40079 (D. Mass. Sept. 14, 2007). Mr. Bean did not file a motion to modify the Stipulated Protective Order.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(2).

DISCUSSION

We review a district court's denial of a motion to intervene for abuse of discretion. Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 64 (1st Cir. 2008). We also review a denial of a motion for modification of a protective order for abuse of discretion. Saldana-Sanchez v. Lopez-Gerena, 256 F.3d 1, 8 (1st Cir. 2001); Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 790 (1st Cir. 1988).

The court denied Professor Kuney's motion to intervene and motion to modify the Stipulated Protective Order in a one-paragraph order without explanation. It may be that the court denied Professor Kuney's motion to intervene simply because it considered it more expedient for Mr. Bean, as an interested party in the litigation, to

move to modify the protective order. Nevertheless, Mr. Bean never acted in response to the court's order and Professor Kuney was left without access to the documents he sought.

Intervention is the proper means for a non-party to challenge a protective order. Public Citizen, 858 F.2d at 783. Even after judgment, courts have frequently allowed third parties to intervene to challenge a protective order. Id. at 785. Federal Rule of Civil Procedure 26(c) provides that a court may enter a protective order if "good cause" exists to protect discovery information. There is, however, a presumption of public access to judicial records. Siedle v. Putnam Invs., Inc., 147 F.3d 7, 9 (1st Cir. 1998); Poliquin v. Garden Way, Inc., 989 F.2d 527, 533 (1st Cir. 1993). Thus, in determining whether a protective order should be modified, the court must balance the privacy interests of the parties against the public interest in access to the discovery information. Siedle, 147 F.3d at 10.

Here, it is not apparent whether the court engaged in a balancing and thus it is unclear if the court abused its discretion in denying Professor Kuney's motion to intervene and motion to modify the Stipulated Protective Order. Professor Kuney alleges that no party other than Mr. Bean opposed his motions and that he ultimately agreed to the modified Stipulated Protective Order that was filed with the court, that Mr. Bowers supported his motions, and that Baystate is now a corporate shell. Thus, the parties appear to have little, if any, continued interest in maintaining confidential the documents that Professor Kuney seeks. Further, Professor Kuney alleges that his ability to do scholarly work is dependent on his ability to obtain access to the documents. "[P]ublic monitoring of the judicial system fosters the important values of

quality, honesty and respect for the judicial system." Id. (citation and internal quotation marks omitted). We, therefore, deem it proper to return the case to the district court for a balancing of the public and private interests in determining whether to grant or deny Professor Kuny's motions.

## CONCLUSION

For the foregoing reasons, we vacate and remand the order of the District Court for the District of Massachusetts denying Professor Kuney's motion to intervene and motion to modify the Stipulated Protective Order.

Each party shall bear its own costs.

2008-1204                            5

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: [signature]  Date: 7/31/08